# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO:

SHANNON GRIFFIN, on behalf of herself
and all similarly situated individuals,

    Plaintiff(s),

v.

TIMECO SYSTEMS, INC.,
a Florida Corporation,

    Defendant.
_____/

## CLASS ACTION COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

Plaintiff, SHANNON GRIFFIN ("Plaintiff"), by and through undersigned counsel, hereby files this Class Action Complaint for Damages and Demand for Jury Trial against Defendant, TIMECO SYSTEMS, INC. (hereinafter "Defendant" or "Timeco"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages and other legal and equitable remedy resulting from the illegal actions of Defendant in collecting, obtaining, storing and/or using Plaintiff's, and other similarly situated individuals' biometric identifiers and biometric information (referred to collectively as "biometrics") without informed written consent in violation of the Illinois Biometric Information Privacy Act ("BIPA").

1

2. The Illinois Legislature has determined that "[b]iometrics are unlike any other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5I. "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.* In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA.

3. "Biometrics" refers to technologies used to identify an individual based on unique physical characteristics. Common biometric identifiers include fingerprints, hand or face geometric scans, retina or iris scans, or voice scans, which are all generally obtained by first acquiring an image or photograph of the biometric identifier.

4. Unlike other identifiers like Social Security or credit card numbers, which can be changed if compromised or stolen, biometric identifiers linked to a specific finger or hand cannot. These unique and permanent biometric identifiers, once exposed, leave victims with no means to prevent identify theft and unauthorized tracking.

5. As expressed herein, BIPA is the result of an expressed fundamental public policy and legislative intent in Illinois to regulate the collection of biometric information. BIPA provides, inter alia, that private entities like Defendant may not collect, capture, purchase, receive through trade, or otherwise obtain an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometric identifiers

or information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information, *see* 740 ILCS 14/15(a) and (b).

6. In direct violation of each of the foregoing provisions of Section 15(a) of BIPA, Defendant failed to provide, publish, or otherwise make publicly available data retention policies.

7. In direct violation of the foregoing provisions of Section 15(b) of BIPA, Defendant actively collected, stored, obtained, and used the biometrics of Illinois residents, including Plaintiff, without providing notice, or obtaining informed written consent.

8. Specifically, during the relevant time period, Plaintiff and other similarly situated individuals in Illinois were required to scan their fingerprints on Defendant's biometric devices to keep track of the amount of time Plaintiffs were working for Defendant's customers.

9. Plaintiff brings this action on behalf of herself and a class of similarly situated individuals to prevent Defendant from further violating privacy rights and to recover statutory damages for Defendant's unauthorized collection, storage and use of Plaintiff's biometrics in violation of BIPA.

**PARTIES, JURISDICTION & VENUE**

10. Plaintiff is and has been at all relevant times, a resident and citizen of the State of Illinois. Plaintiff was employed by a third-party who utilized Defendant's biometric timekeeping devices during multiple workweeks in 2022, at the Hilton Garden Inn in Kankakee, Illinois, which is owned and operated by a third-party not named in this lawsuit. Plaintiff has been required to use her fingerprints to perform her duties daily within the five

3

(5) year period prior to the filing of this Complaint. Plaintiff never consented, agreed or gave permission – written or otherwise – to this Defendant for the collection or storage of the biometric identifiers or biometric information associated with his handprints. Further, this Defendant never provided Plaintiff, nor did she ever sign a written release allowing this Defendant to collect or store the biometric identifiers or biometric information associated with their fingerprints. Plaintiff consents to the Court's jurisdiction.

11. Defendant is a Florida corporation, with its registered agent, William S. Rutledge, located at 1819 Main Street, Suite 1001, Sarasota, Florida 34236. Defendant, while headquartered in Florida, engages in business in Illinois and operates with Illinois companies by storing Illinois residents' biometric information in its database, and sends its biometric devices into the State of Illinois, and is subject to the laws of Illinois, including BIPA. Defendant owns, operates, and/or controls several biometric devices which it has delivered to the State of Illinois which collected the biometric information of hundreds (if not thousands) of individuals in the State of Illinois within the past 5 years. Defendant may be served through its registered agent, William S. Rutledge, at 1819 Main Street, Suite 1001, Sarasota, Florida 34236.

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

13. This Court also has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because this is a class action in which the Defendant is a citizen of a state different than Plaintiff and the other class members, and because the amount in controversy exceeds $5,000,000.00.

14. No applicable statutory exception to jurisdiction exists.

15. This Court has personal jurisdiction over Defendant named in this action because Defendant is a Florida corporation operating in Florida and maintains a place of business in Florida. Defendant collected the biometric information of Illinois residents in Illinois, and stored this information. Defendant engages in continuous and systematic business operations or activities within Florida and maintains a location in the State, including within Sarasota, within this judicial circuit.

16. Venue is proper in this Court because Defendant maintains its place of business within this County, transacts substantial business within this County, and the events giving rise to this lawsuit occurred in substantial part within this County.

## TIMECO'S BIOMETRIC DEVICES

17. Defendant is a leading provider of human resource management software and services that is best known for helping hundreds of businesses track employee time and process payroll which it sells to companies across the country.

18. To help make employee time and attendance tracking more accurate, Defendant encourages its customers to use its biometric-based time clocks, which use an employee's biometrics to punch in and out of work, instead of key fobs, identification numbers, or swipe cards.

19. Defendant markets its biometric time clocks to employers in Illinois as superior options to traditional time clocks. By marketing its biometric time clocks in this manner, Timeco obtains competitive advantage over other time clock companies and secures profits from its use of biometric data, all while failing to comply with the minimum requirements for handling employees' biometric data established by BIPA.

20. Unlike key fobs, identification numbers, or swipe cards – which can be changed or replaced if stolen or compromised – fingerprint biometrics are unique, permanent biometric identifiers associated with each employee. This exposes employees who are required to use a Timeco device as a condition of their employment to serious and irreversible privacy risks.

21. In fact, Defendant advertises the Timeco biometric devices it sells and/or leases to Illinois businesses as being capable of storing up to 100,000 different fingerprints.

22. During the relevant time period, Timeco sent one or more biometric devices into the State of Illinois with the knowledge that its device would be capturing, obtaining, using, and/or collecting biometric information from Illinois residents.

23. When an employee first begins work at an Illinois company that uses one of Timeco's biometric devices, the employee is required to have their fingerprint scanned into the Timeco biometric device in order to enroll them in the Timeco database.

24. Defendant then stores the biometric information and/or identifiers of Illinois residents in its database so that Illinois employers can access the biometric information to use this information for payroll and attendance confirmation.

25. When an Illinois resident employed by a company in Illinois scans its biometric information into a Timeco biometric device the Defendant becomes aware that it is in the possession of Illinois residents' biometric information.

**PLAINTIFF'S BIOMETRIC INFORMATION**

26. Plaintiff was employed by a third party in the State of Illinois at Hilton Garden Inn located at 455 Riverstone Parkway, Kankakee, Illinois 60901, from September 9, 2021, through November 26, 2022.

27. As a condition of her employment Plaintiff was required to scan her finger on a Timeco biometric device each day of work to clock-in and clock-out of work.

28. When beginning her first day of work Plaintiff was required to scan her fingerprint on the Timeco biometric device so that her biometric information could be kept in Defendant's database.

29. Plaintiff scanned her fingerprint on the Timeco biometric device while she was physically present and working in the State of Illinois.

30. Defendant thereafter collected and stored Plaintiff's biometric data in its database(s) immediately after it was captured in the State of Illinois.

31. Plaintiff was required to scan her fingerprint on a Timeco device each time she clocked in and out for work including each time she clocked out for a meal break and then clocked back in when returning from a meal break.

32. During her employment period Plaintiff scanned her finger on Defendant's biometric device hundreds of times.

33. During the 5 years preceding the filing of this lawsuit, Defendant collected fingerprints from hundreds (if not thousands) of other Illinois residents through its reader/scanner to help its business clients in Illinois verify employees and document the number of hours worked at its clients' locations in Illinois. Defendant collected the biometric information from individuals in Illinois because Plaintiff and other similarly situated individuals, were required to scan their fingerprints on a daily basis by using their fingerprints with Defendant's fingerprint scanner so that the employer could track the number of hours worked.

34. Accordingly, Defendant collected, stored, used, or otherwise obtained biometric information from Plaintiff and similarly situated individuals.

35. Defendant then stored and collected Plaintiff and similarly situated individuals' fingerprints in its database.

36. Plaintiff's fingerprints are considered "biometric information" as that term is defined under BIPA.

37. Defendant failed to obtain express written consent from Plaintiff when it used biometric technology in connection with its time-keeping system and prior to obtaining, collecting, or possessing Plaintiff's biometric information.

38. The actions of Defendant violate the Plaintiff's statutory privacy rights under BIPA.

39. Defendant never informed Plaintiffs of the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Defendant obtain a written consent or release from Plaintiff.

40. Defendant did not have written, publicly available policies identifying their retention schedules or guidelines for permanently destroying users' biometric identifiers or information.

41. Plaintiff has been required to retain the undersigned counsel to protect and enforce her rights under BIPA and is therefore entitled to recover reasonable attorney's fees and costs.

## **CLASS ALLEGATIONS**

42. Class Definition: Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23 on behalf of a class of similarly situated individuals, defined as follows (hereinafter "the Class"):

> **All individuals who resided in Illinois within the past 5 years who had their biometric identifiers, including "fingerprints" collected, captured, received, used, or otherwise obtained by Defendant in the State of Illinois on a Timeco biometric device.**

43. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) persons who properly executed and file a timely request for exclusion from the Class; (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (4) Plaintiff's counsel and Defendant's counsel; and (6) legal representatives, successors, and assigns of any such excluded persons.

44. **Numerosity**: The number of persons within the Class is substantial and is believed to amount to hundreds of people. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

45. **Commonality and Predominance**: There are well-defined common questions of facts and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

    (a) whether Defendant collected or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

(b) whether Defendant properly informed Plaintiffs and the Class that it collected, used, and stored their biometric identifiers or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometrics information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiffs' and the Class's biometric identifiers or biometric information to identify them; and

(f) whether Defendant's violations of the BIPA were committed intentionally, reckless, or negligently.

46. **Adequate Representation**: Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex employment class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiffs may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

47.     **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiffs anticipate no difficulty in the management of his action as a class action.  Class wide relief is essential to compel compliance with the BIPA.

### COUNT I – VIOLATION OF 740 ILCS 14/15(a) FOR FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE
**(On Behalf of Plaintiff and the Class)**

48.     Plaintiff hereby incorporates the allegations within paragraphs 1-47 as though fully set forth herein.

49.     Defendant is Florida corporation that engages in business in Illinois and sends its biometric devices into Illinois to collect biometric information from Illinois residents, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

50.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three

years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

51. As a private entity covered under BIPA, Defendant failed and continues to fail to comply with these BIPA mandates.

52. Plaintiff and members of the putative class are individuals who had their "biometric identifiers" collected by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

53. Plaintiff's and putative class members' biometric identifiers were used to identify Plaintiffs and, therefore, constitute "biometric information" as defined by BIPA. *See* ILCS 14/10.

54. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

55. Defendant likewise failed to comply or adhere to any such retention schedule or otherwise delete the biometric information it collected as required under BIPA.

56. Defendant lacks retention schedules and guidelines for permanently destroying Plaintiffs' and the Class's biometric data and have not and will not destroy Plaintiffs' and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

57. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory

damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT II – VIOLATION OF 740 ILCS 14/15(b) FOR FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION
**(On Behalf of Plaintiff and the Class)**

58. Plaintiff incorporates the allegations within paragraphs 1-47 as though fully set forth herein

59. Defendant is Florida corporation that engages in business in Illinois and sends its biometric devices into Illinois to collect biometric information from Illinois residents, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

60. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject… in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject… in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" *See* 740 ILCS 14/15(b).

61. Defendant failed and still fails to comply with these BIPA mandates.

62. Plaintiff and members of the putative class are individuals who have had their "biometric identifiers" collected by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

63. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitutes "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

64. Defendant systematically and automatically collected, used, stored, and disseminated Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

65. Defendant never informed Plaintiffs and the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiffs and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

66. By collecting, storing, using and disseminating Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, et. seq.

67. On behalf of themselves and the Class, Plaintiffs seek: (1) declaratory relief; (2) injunctive relief and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA

pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHANNON GRIFFIN, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

(A) Certifying this case as a class action on behalf of the Class above pursuant to Fed. R. Civ. P. 23, appointing Plaintiff as representative of the class, and appointing Plaintiff's counsel as Class Counsel;

(B) Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1 *et seq.*;

(C) Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of the BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

(D) Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia,* an order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

(E) Awarding Plaintiffs and the Class their reasonable litigation expenses and attorney's fees;

(F) Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

(G) Awarding such other and further relief as equity and justice may require.

## JURY TRIAL DEMAND

Plaintiff, SHANNON GRIFFIN, demands a trial by jury on all issues so triable.

Dated: February 1, 2023

> Respectfully Submitted,
>
> JORDAN RICHARDS PLLC
> 1800 SE 10th Ave. Suite 205
> Fort Lauderdale, Florida 33316
> Ph: (954) 871-0050
> *Counsel for Plaintiff*
>
> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372
> Illinois Bar No. 6328923
> jordan@jordanrichardspllc.com
> jake@jordanrichardspllc.com
> catherine@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed through CM/ECF and served on all parties below on February 1, 2023.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372
> Illinois Bar No. 6328923

## SERVICE LIST: